Aron Steuer, J.
The Commissioner of Investigation seeks the issuance of a warrant and the arrest of respondent until he answers certain questions. It appears that respondent is an attorney and represents United Fruit Buyers Association, Inc. The latter is an organization of merchants who buy fruit at a daily auction held in the neighborhood of Pier 38. It seems that the members had difficulty finding parking space for their automobiles and respondent made several attempts with many city departments to try to make arrangements for them. In the course of this effort one of the members of the association called respondent’s attention to the fact that large trailer trucks were parked for long periods illegally in the neighborhood for the purpose of transferring their products to smaller trucks and this could not be done without the connivance of some municipal authority. In the course of his efforts respondent gave this information to various Commissioners of city departments.
Petitioner is conducting an investigation of certain water front conditions. In the course of it he learned about respondent’s statement. He subpoenaed him. In response to questions respondent revealed that the information about the trailer trucks came to him from a member of the association. This member agreed to go to a city official to find out whether anything could be done, and reported back to respondent that the trailer trucks had the support of two powerful politicians who shared in the large return that resulted from the illegal parking and that nothing cóuld be done. Further than that respondent knew nothing of the incident. Petitioner asked the name of the member and respondent refused to give it.
The only question raised in the opposing affidavit is whether respondent is entitled to withhold the name because of an *840 attorney-client relationship. This is not true if one reads only the affidavits. From these it would appear that there was a serious question whether the information withheld was at all material. But the testimony shows that a lead to the claim of a nefarious influence lies with respondent’s informant. Petitioner urges several grounds to show that the revelation of the name is not privileged, but one is sufficient. Until there is a client, there is no attorney-client relationship. So in order to establish it, the name must be revealed. It follows that the privilege does not extend to the identity of the client (People ex rel. Vogelstein v. Warden of County Jail, 150 Misc. 714, 717, affd. 242 App. Div. 611).
Motion granted. Upon arrest respondent should be given an immediate opportunity to answer the questions.